STATE of Utah, Plaintiff and Respondent,

v.

Fred VELARDE, Defendant and Appellant.

No. 18976.

Supreme Court of Utah.

Jan. 9, 1984.

---

Bernard L. Allen, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

## PER CURIAM:

This is an appeal from a jury conviction of theft of a truck. The sole question on appeal is whether defendant's right to remain silent under the Fifth Amendment was invaded. There is no question as to the fact the truck was stolen. The jury concluded that defendant was the thief, and there is no claim made as to insufficiency of the evidence.

Properly admitted evidence indicated that while in Salt Lake City, one Pentz asked defendant to give him a ride to the freeway. Defendant had been drinking and was in possession of the subject truck. The defendant took Pentz all the way to Morgan, Utah, where Pentz lived. About 5 miles from Morgan, defendant passed out, and Pentz drove the truck the rest of the way. He parked the truck in front of a cafe in Morgan at 2:00 a.m. and called the police since defendant had said the truck was "hot." The investigating officer found defendant asleep in the truck with his head toward the driver's side of the seat. After some difficulty, defendant was aroused and got out of the cab. Upon seeing the uniformed officer and without any prompting, defendant assumed a "search" stance against the truck. The officer frisked defendant and, after being told by the dispatcher that the truck had been stolen, arrested defendant and gave him the *Miranda* warning. The officer then asked if

defendant owned the truck. Without hesitation or claim to remain silent, defendant said he did not. He also stated that he did not know he was in Morgan, but that he arrived there in the truck. He freely answered a few other routine questions, the answers to which were inconsequential. At no time did defendant assert any right to remain silent.

Defense counsel relies on *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and *State v. Wiswell*, Utah, 639 P.2d 146 (1981), to the effect that it is prosecutorial misconduct to ask questions of the accused or comment to the jury as to defendant's silence. Such silence is a right protected by the Fifth Amendment which provides that "no person ... shall be compelled in any criminal case to be a witness against himself." In the instant case, the defense alleges "prosecutorial misconduct" in the prosecutor's questioning of defendant on cross-examination and in referring to it in argument to the jury. The prosecutor had asked why defendant had not told the officer that which he had testified to on direct examination. Defendant answered that he remembered that Pentz had picked him up in Salt Lake City, and had driven past his home in that city and stayed on the freeway all the way to Morgan. The inconsistency of that testimony with what defendant had told the officer is a legitimate basis for a prosecutor's testing the credibility of a witness by way of impeachment. The defendant in this case waived his Fifth Amendment guarantee to remain silent when he took the witness stand. By the same token, defendant waived such right after hearing the Miranda admonition by talking freely with the officer. The authorities relied upon by the defense therefore are inapposite here. Such conclusion aptly is stated in *United States v. Agee*, 597 F.2d 350 (3rd Cir.1979), in the following language:

> The Supreme Court has described [the right to silence] as "the right to remain silent unless he chooses to speak in the unfettered exercise of his own will." The rationale which the Supreme Court adopted for its decision in *Doyle* was that

it is fundamentally unfair for the prosecution to impose a penalty at trial on a defendant who has exercised that right by choosing to remain silent. The very statement of that rationale demonstrates that *Doyle* can have no application to a case in which the defendant did *not* exercise his right to remain silent.

[Citations omitted. Emphasis in original.]

The same conclusion was elicited by the United States Supreme Court in the language of *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980):

... *Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent.

In the *Doyle* case, it was required that in order to assert the privilege there must be an initial and sustained silence after the *Miranda* warning is given. The defendant in the instant case broke the silence guaranteed constitutionally.

The verdict and judgment are affirmed.